

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PIERCE COUNTY, a political subdivision of the State of Washington,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>MA MORTENSON COMPANY, a Minnesota corporation,<br><br>        Defendant-Appellee. | No.   19-35257<br><br>D.C. No. 3:19-cv-05041-RJB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted March 6, 2020
Seattle, Washington

Before:  IKUTA and R. NELSON, Circuit Judges, and OLIVER,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Pierce County appeals the district court's order compelling arbitration and dismissing the County's complaint for declaratory relief. We have jurisdiction under 9 U.S.C. § 16(a)(3). *See Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 89 (2000).

The district court did not err in granting M.A. Mortenson Company's motion to compel arbitration. The parties agreed that "[a]ll Claims arising out of the Work shall be resolved by arbitration" and defined the term "Claim" to include any claim filed by Mortenson with the County to resolve a dispute "regarding the terms of a Change Order or a request for equitable adjustment." The agreement did not require that a dispute meet any conditions precedent to be considered a "Claim" that triggers the agreement to arbitrate. Rather, § 8.01 of the agreement used the term "Claim" to refer to all disputes regarding compensation, regardless whether the claim satisfied the substantive and procedural requirements in § 8.01(C). Therefore, Mortenson's pending compensation disputes constitute "Claims" that the parties had agreed to arbitrate.

Nor did the court err in dismissing the County's complaint for declaratory relief regarding whether specified Claims satisfied the nine requirements in § 8.01(C). The complaint is best read as raising defenses to Mortenson's claims for compensation and therefore is barred by the parties' agreement that "[n]o

2

independent legal action relating to or arising from the Work shall be maintained." Further, the parties' agreement that the arbitration "shall be in accordance with the Construction Industry Arbitration Rules of AAA" is "clear and unmistakable evidence" that the parties agreed that an arbitrator would decide whether a dispute meets the requirements for being an arbitrable "Claim." *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983) ("[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."). Accordingly, it is for the arbitrator to decide whether Mortenson's "Claims" should be deemed "waived" for not satisfying the requirements of § 8.01(C).

**AFFIRMED**.